UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gwendolyn Mitchell Henderson,<br><br>      Plaintiff,<br><br>vs.<br><br>Bayview Manor Nursing Home,<br><br>      Defendant(s). | C/A No.: 9:12-375-SB-BHH<br><br><br><br>Report and Recommendation |

   Plaintiff, Gwendolyn Mitchell Henderson, proceeding *pro se*, files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

## Background

   Plaintiff alleges she was told by the Lt. Governor's office that her mother is not deceased, contrary to an obituary which she attached to the Complaint, but is being held at the Bayview Manor Nursing Home (BMNH) located in Beaufort, South Carolina. Plaintiff alleges she is a federal agent, and claims her mother was placed in the BMNH in November, 2003. Plaintiff states that she has not seen her mother since that time, and that a funeral was held for her mother on November 29, 2003. Plaintiff alleges, however, that two weeks after the funeral her mother called her on the telephone. Plaintiff states that she filed a complaint with the South Carolina State Medical Board because her mother's doctors led her to believe her mother was dead. Plaintiff also claims she contacted the Insurance Commission and, upon investigation, the AIG investigator left a message for the Plaintiff indicating her mother is alive. Plaintiff claims that several individuals, not

defendants, wanted her mother's life insurance. Plaintiff states she went to the BMNH on February 1, 2012 after calling about her mother for eight (8) months, but was allegedly charged with trespassing and causing a disturbance. Plaintiff asks that her mother be removed from the BMNH.

## **Discussion**

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.,* 503 U.S. 131, 136-37, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.,* 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 182-83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident. First, there is no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires *complete* diversity of parties and an amount in controversy in excess of seventy-five

thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.

Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 372-74, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Even though Defendant is a business or corporate entity, it is still a "resident" of South Carolina as that term is legally understood. *See Huggins v. Winn-Dixie Greenville, Inc.,* 233 F.Supp. 667, 669 (D.S.C.1964). Plaintiff resides in Walterboro, South Carolina. Accordingly, there is no basis for the Court to exercise diversity jurisdiction over this case.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction.

Plaintiff's Complaint involves a dispute with a private nursing home. Generally, such disputes are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See Mail Mart, Inc. v. Action Mktg. Consultants, Inc.,* 281 S.C. 167, 314 S.E.2d 351 (1984); *Rowland v. Pruitt,* 123 S.C. 244, 116 S.E. 456 (1923). Furthermore, Plaintiff's allegations do not contain any reference to an alleged violation of any federal statute or constitutional provision by Defendant, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint. Even if Plaintiff had made

assertions that federal rights were violated, this Court would not be bound by such allegations and would be entitled to disregard them if the facts did not support Plaintiff's contentions. When considering the issue of whether a case is one "arising under the Constitution ..." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.,* 805 F.Supp. 333, 334-35 (E.D.N.C.1992); see *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *cf. Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis,* 526 F.2d 1331, 1336 (8th Cir.1975) (federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Additionally, purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Burton v. Wilmington Parking Auth.,* 365 U.S. 715, 721, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). Of course Plaintiff does not cite to either 42 U.S.C. § 1983 or the Fourteenth Amendment in her Complaint, nor does she claim that the Defendant, a private business,

violated her constitutional rights. Even if she had included such allegations, however, they would not establish "federal question" jurisdiction over this case because there are no additional allegations of "state action" in connection with the allegations of which Plaintiff complains.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); see *Hall v. Quillen,* 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir.1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. at 937; see *U.S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO,* 941 F.2d 1292 (2d Cir.1991). There are no allegations in Plaintiff's Complaint which attribute any of Defendants' actions to state action; therefore, even if the Complaint could be liberally construed to "imply" an allegation of constitutional rights violations by the Defendant, such implied interpretation would not establish "federal question" jurisdiction in this case. In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case should be summarily dismissed without issuance of process for the Defendant.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process because this Court lacks subject matter jurisdiction over the parties dispute.

                                                  s/Bruce H. Hendricks
                                                  United States Magistrate Judge

February 23, 2012
Charleston, South Carolina

***The Plaintiff's attention is directed to the important notice on the next page***.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).