UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Gwendolyn Mitchell Henderson,      )
                                   )
            Plaintiff,             )
                                   )        Civil Action No. 9:12-375-SB
v.                                 )
                                   )        **ORDER**
Bayview Manor Nursing Home,        )
                                   )
            Defendants.            )
_____)

This matter is before the Court upon the Plaintiff's pro se complaint, wherein she

alleges that her 95 year-old mother is alive despite a funeral being held for her in 2003 and

despite an obituary being printed. The Plaintiff, who claims to be a federal agent, asserts

that her mother is being held at the Bayview Manor Nursing Home ("Bayview") in Beaufort,

South Carolina, although staff at Bayview have told her that her mother passed away. The

Plaintiff states that she has not seen her mother since 2003, but she asserts that her

mother called her on the telephone two weeks after her funeral. The Plaintiff asserts that

her mother's death certificate is fake, and she claims to have filed a complaint with the

South Carolina State Medical Board and a complaint in Washington, D.C. The Plaintiff

asks that her mother be removed from the nursing home and returned to her care.

On February 23, 2012, United States Magistrate Judge Bruce H. Hendricks issued

a report and recommendation ("R&R") in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02(B)(2)(d) (D.S.C.), recommending that the Court dismiss the Plaintiff's

complaint without prejudice and without issuance and service of process for lack of subject

matter jurisdiction. Specifically, the Magistrate Judge determined that the Plaintiff's

complaint does not allege any violation of federal law. Moreover, because the parties are

not diverse, the Court cannot exercise diversity jurisdiction.

The Plaintiff filed objections to the R&R, but a review of these objections indicates that they are wholly without merit. First, the Plaintiff simply reiterates her claims and asserts that her mother's rights were violated when she was placed in a nursing home. Second, the Plaintiff points to no legal or factual error in the R&R, and, most importantly, although the Plaintiff refers to the Fourteenth Amendment, the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Food Stamp Act of 1977, and the Americans with Disabilities Act of 1990, the Court finds that she still has failed to allege any actionable federal claim, constitutional or otherwise. After review, therefore, the Court finds that the Magistrate Judge correctly summarized the facts and applied the correct legal standards, and the Court agrees with the Magistrate Judge that the Court lacks subject matter jurisdiction to adjudicate the Plaintiff's claims.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 9) is adopted and incorporated herein; the Plaintiff's objections (Entry 11) are overruled; and the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

June __7__, 2012
Charleston, South Carolina

2